# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**BAGGETT BROTHERS FARM, INC.,**

        Appellant,

v.                                           Case No. 5:08cv20/MCR

**ALTHA FARMER'S COOPERATIVE, INC.,**

        Appellee.

_____/

## OPINION

Appellant/debtor Baggett Brothers Farm, Inc. ("Baggett Brothers" or "debtor") appeals two orders entered by the bankruptcy court in Northern District of Florida Bankruptcy Case No. 05-50702: the court's November 16, 2007, order allowing the secured claim filed by appellee/creditor Altha Farmer's Cooperative, Inc. ("Altha" or "creditor"), and the December 7, 2007, order denying debtor's motion for new trial and renewed motion to compel. Baggett Brothers and Altha have filed appellate briefs. For the reasons given below, this court AFFIRMS both of the bankruptcy court's orders.

**BACKGROUND**

During and prior to 1994 Baggett Brothers operated a farming business and purchased farm supplies from Altha, a farmers' co-operative association to which Baggett Brothers belonged. In 1995 Baggett Brothers filed in this district a Chapter 11 bankruptcy petition, which was discharged under a plan of reorganization in August 1995. As part of that confirmed reorganization plan Baggett Brothers executed a note and mortgage in favor of Altha in the amount of $244,293.79 in February 1996. The note, which was secured by

real property owned by Baggett Brothers, was payable in fifteen annual installments of $32,011.71, with an annual interest rate of ten percent.  Baggett Brothers submitted six payments to Altha, each in the amount of $32,011.71, during the period February 1996 through December 2000.[1]  After December 2000 Baggett Brothers made no other payments to Altha in the specific amount of $32,011.71.  Between November 1994 and February 1997, however, Baggett Brothers continued to purchase farming supplies such as feed, seed, fertilizer, etc., from Altha through open operating accounts it maintained with the co-operative, and it did remit payments to Altha in other amounts. Baggett Brothers' records show that an adjustment to its Altha account of $130,000 was made in October 1996; additionally, Altha's records indicate that in October 1997 Baggett Brothers received an adjustment of $283,527.90 to its account.

In September 2005 Baggett Brothers again sought Chapter 11 relief by filing a petition in this district.  In June 2006 Altha filed an amended proof of claim in the case for $312,083.30 on the February 1996 note and mortgage (principal, plus interest and charges) ("Claim No. 8"), following which Baggett Brothers filed an amended objection.  On August 24, 2007, the bankruptcy court conducted a hearing on Baggett Brothers' motion to compel the production of certain documents, including records pertaining to other Altha members and an employee.  The court denied Baggett Brothers' motion and granted Altha's motion for a protective order.

On November 15, 2007, the bankruptcy court  held a trial on Baggett Brothers' first amended objection to Claim No. 8.  Former Altha general manager Bill Peacock and credit manager Pat Chestnut testified for Altha.  Baggett Brothers' accountant Norman Webb and Baggett Brothers corporate officer and bookkeeper Mae Baggett testified for the debtor.  At the conclusion of the trial, the bankruptcy court announced its decision overruling the debtor's objection and allowing the creditor's secured claim in the amount of $312,083.30.  In its December 7, 2007, written order the bankruptcy court denied Baggett Brothers' combined motion for new trial and renewed motion to compel.  This appeal followed.

---

[1]  The payments were remitted February 28, 1996; December 6, 1996; February 5, 1997; December 7, 1998; December 15, 1999; and December 18, 2000.

**APPLICABLE LAW**

The district court has appellate jurisdiction over final judgments, orders, and decrees of its bankruptcy unit. 28 U.S.C. § 158(a)(1); see In re Sublett, 895 F.2d 1381, 1383 (11th Cir. 1990). "The proper construction of the Bankruptcy Code, whether by the bankruptcy court or the district court is a matter of law, subject to de novo review." Southeastern Bank v. Brown, 266 B.R. 900, 903 (S.D.Ga. 2001) (quoting Meehan v. Wallace (In re Meehan), 102 F.3d 1209, 1210 (11th Cir. 1997)). "De novo review requires the court to make a judgment independent of the bankruptcy court's, without deference to that court's analysis and conclusions." In re Piper Aircraft Corp., 244 F.3d 1289, 1295 (11th Cir. 2001) (citing Moody v. Amoco Oil Co., 734 F.2d 1200, 1210 (7th Cir. 1984)). Sitting in its appellate capacity, the district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard. See Fed.R.Bankr.P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous . . . ."); In re Williamson, 15 F.3d 1037, 1038 (11th Cir. 1994) (citing Fed.R.Bankr.Proc. 8013 and In re Club Associates, 956 F.2d 1065, 1069 (11th Cir. 1992)). Denials of motions to compel and motions for rehearing are subject to review for abuse of discretion. See In re Piper Aircraft Corp., 362 F.3d 736 (11th Cir. 2004) (motion to compel); Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993) (motion for rehearing).

With respect to cases in which there is no objection by a party in interest to a proof of claim, the claim is allowed as filed. 11 U.S.C. § 502(a). A proof of claim constitutes prima facie evidence of the validity and amount of the claim. Fed.R.Bankr.P. 3001(f). When objections are raised, however, "the bankruptcy court whose aid is sought . . . is duty bound to pass on them." Gardner v. State of N.J., 329 U.S. 565, 573, 67 S.Ct. 467, 91 L.Ed. 504 (1947). The burden of proof in such cases

> shifts to the objecting party to produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. This can be done by the objecting party producing specific and detailed allegations that place the claim into dispute, by the presentation of legal arguments based upon the contents of the claim and its supporting documents . . . in which evidence is presented to bring the validity of the

> claim into question. If the objecting party meets these evidentiary requirements, then the burden of going forward with the evidence shifts back to the claimant to sustain its ultimate burden of persuasion to establish the validity and amount of the claim by a preponderance of the evidence.

In re Armstrong, 320 B.R. 97, 104 (Bankr.N.D.Tex. 2005) (citing In re Rally Partners, LP., 306 B.R. 165, 168-169 (Bankr.E.D.Tex. 2003)).  Thus the burden initially falls on the objecting party to overcome the prima facie validity of the claim. The burden then shifts to the claimant "to prove the validity of the claim by a preponderance of the evidence." 4 Collier on Bankruptcy ¶ 502.02[3][f] (15th ed. rev'd 2007).

**DISCUSSION**

After Baggett Brothers rested its case at the November 15, 2007, trial, Altha moved for entry of a directed verdict on the ground the debtor had failed to show sufficient evidence to rebut the prima facie validity of the claim. The bankruptcy court denied the motion.  It concluded that the evidence of the $283,527.90 adjustment to the Baggett Brothers' account and testimony by Mrs. Baggett that an Altha manager had informed her that it was not necessary to write any additional checks in the amount of $32,011.71 because the debt had "been taken care of" was sufficient to shift the burden to Altha to show the debt had not been paid.

At the close of all the evidence, the court announced its findings of fact and conclusions of law, outlining the events previously described in the Background section that occurred through February 2007.[2]  Additionally, the court made the following factual findings.  In August 1997 Charles Wynn, who currently represents Altha but who at that time was counsel for Baggett Brothers, wrote Altha about Baggett Brothers' accounts.  In his letter Mr. Wynn expressed the concern that Altha might be commingling records for Baggett Brothers' note payable account and its open operating accounts – and that the note perhaps was thereby being assessed a higher rate of interest than the agreed-upon ten percent.

Also, the bankruptcy court found credible the testimony of Mr. Peacock and Mr.

---

[2] The court's oral ruling on November 15, 2007, was memorialized in a written order entered November 16, 2007.

Chestnut that Baggett Brothers had not paid the note in full and that Altha had never forgiven the obligation. The court discounted the document prepared by Mr. Webb that reflected numerous payments by Baggett Brothers to Altha in various amounts, all of which amounts Mr. Webb attributed to payments towards the note, ultimately resulting in an substantial overpayment of the obligation by Baggett Brothers. (Baggett Brothers' Exh. 2). The court characterized the summary as nothing more than a "fantasy based on [Mr. Webb's] decision to ignore the operating accounts when applying payments." It concluded there was no evidence to support the application of payments towards the note other than the six annual payments of $32,011.71. In short, the bankruptcy court concluded that Baggett Brothers failed to present credible evidence showing that any Altha representative in fact had forgiven the note (or even had the authority to do so) or that the note had been paid in full. Absent such evidence, the court found that the six annual payments of $32,011.71 each were applied to reduce the note and that all other payments went towards payments of the open operating accounts.[3]

The bankruptcy court next held that the defense of laches was not applicable as there was no evidence that any delay resulting from the accounting errors caused actual prejudice to Baggett Brothers. The court noted that Altha's accounting ledgers had, unfortunately, been lost; had they been available, the manner in which the payments were applied might have been conclusively determined. Nevertheless, even absent that evidence, because the note and mortgage set out a payment schedule the court found it was reasonable to conclude that the payments had been applied to the note in accordance with that schedule in the amount of $32,011.71 per year for the six years the payments were made. Concluding by citing the relevant provisions of 11 USC § 502, the court found

---

[3] The bankruptcy court observed that there were many "shortcomings" in Altha's record keeping but concluded they were not sufficient to demonstrate, by a preponderance of the evidence, that Baggett Brothers had paid the note in full or Altha had forgiven the obligation. The court noted that Altha is a member-owned organization that provides short-term operating credit to farmers; it was not its custom to provide long-term mortgage financing for its members, as it had with Baggett Brothers under the terms of the reorganization plan. The court also noted Mr. Chestnut's testimony that, to his knowledge, among Altha's eighty-some member institutions only eight long-term mortgages existed. This "anomaly" explained to the court Altha's accounting difficulties with Baggett Brothers' note payments. It did not, however, in the court's view excuse the payment of the obligation by Baggett Brothers.

Case No. 5:08cv20/MCR

that a preponderance of the evidence showed that Baggett Brothers' note and mortgage to Altha continued to be unpaid.[4] Thus the court overruled Baggett Brothers' objection and allowed Claim No. 8 in the amount of $312,083.30.

Baggett Brothers argues in this appeal that the bankruptcy court clearly erred in allowing Altha's claim because there was overwhelming evidence showing that its debt to Altha had been forgiven or paid in full.[5] Additionally, Baggett Brothers submits that the court erred by rejecting its laches defense, in light of the fact that nearly five years passed between the time Altha last made demand for payment on the note and the filing of its current claim; Baggett Brothers also points to Altha's inability to produce accounting records regarding the note. According to Baggett Brothers, it has been prejudiced in establishing its objection by "the lack of memory regarding the two adjustments" and the loss or unavailability of the general accounting ledgers. Finally, Baggett Brothers contends that it was an abuse of discretion for the bankruptcy court to refuse, on privacy grounds, to compel Altha to provide the monthly statements of its members. Those records, Baggett Brothers maintains, are necessary to understand the "true purpose" of the adjustments to its accounts and thus whether the note to Altha in fact was fully paid or forgiven. Because

---

[4] In relevant part, § 502, Allowance of claims or interests, provides:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that--
  (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

* * *

11 U.S.C. § 502.

[5] In support, Baggett Brothers points to Mr. Peacock's testimony that in the past Altha had given discounts to other member farmers in need of financial assistance, such as Baggett Brothers; Mr. Webb's summary showing a zero balance; Mrs. Baggett's testimony that she had been told Baggett Brothers could stop making payments on the note because it had been "taken care of" and no further demands were made on the note until the proof of claim was filed in June 2006; evidence that Altha extended additional credit to Baggett Brothers in 2003 after demanding payment in full, thus suggesting that the note had to have also been paid in full as part of what debtor calls the "mixed account"; and allegedly inconsistent testimony by Mr. Peacock.

of the bankruptcy court's reversible error, according to Baggett Brothers, it is entitled to a new trial. Altha responds that Baggett Brothers has failed to point to any evidence in the record sufficient to show the bankruptcy court's factual findings were clearly erroneous and that in fact a preponderance of the evidence supports the conclusion that the note was neither forgiven nor paid in full. Moreover, Altha submits, based on the evidence the bankruptcy court properly rejected Baggett Brothers' laches defense. Altha also argues that the bankruptcy court did not err in refusing to allow discovery of the private financial records of Altha members that Baggett Brothers demanded or to grant a new trial.

Based on its review of the trial transcript and exhibits, this court concludes that little discussion of the parties' arguments is required. The court first notes that it must give due regard to the bankruptcy court's opportunity to observe and evaluate the credibility and demeanor of the witnesses. See Fed.R.Bankr.P. 8013 (stating that "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996) (per curiam). So doing, this court concludes the bankruptcy court's factual determinations are supported by the record and therefore are not clearly erroneous. The bankruptcy court was entitled to credit the trial testimony of Mr. Peacock and Mr. Chestnut, both of whom were well familiar with Altha and Baggett Brothers and the circumstances giving rise to this dispute, that Baggett Brothers had not paid the note in full and that Altha had never forgiven the obligation. Likewise, based on the record, the court was entitled to reject as speculative, if not a "fantasy," Mr. Webb's summary and testimony suggesting that payments made by Baggett Brothers should be attributed to the note payable account rather than any open operating accounts. Finally, the bankruptcy court should be permitted to discount Mrs. Baggett's unsupported testimony that an Altha representative had told her the note had been "taken care of."

Furthermore, as the bankruptcy court held, Baggett Brothers' defense of laches fails. First, whether laches is available as a defense to a particular kind of action is a question of law reviewed de novo. Wyler Summit P'ship v. Turner Broad. Sys., 235 F.3d 1184, 1193 (9th Cir. 2000). The defense of laches requires showing that the assertion of a claim was delayed, that the delay was not excusable, and that the delay caused the defendant undue prejudice. Conagra, Inc. v. Singleton, 743 F.2d 1508, 1517 (11th Cir. 1984) (citing

Environmental Defense Fund, Inc. v. Alexander, 614 F.2d 474, 478 (5th Cir. 1980); see also State of Kansas v. State of Colorado, 514 U.S. 673, 688, 115 S.Ct. 1733, 131 L.Ed.2d 759 (1995) (stating "laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.").  The doctrine of laches is inapplicable to this case because Baggett Brothers has not shown it suffered undue prejudice from Altha's delay in bringing its claim.  Baggett Brothers' complaint that it has been prejudiced in proving its objection due to the passage of time is speculative and therefore insufficient.  See Meyers v. Asics Corp., 974 F.2d 1304, 1308 (Fed.Cir. 1992) ("Defendants also argue that they suffered evidentiary prejudice – loss of key witnesses and loss of documentary evidence. However, none of the defendants state exactly what particular prejudice it suffered from the absence of these witnesses or evidence.  Conclusory statements that there are missing witnesses, that witnesses' memories have lessened, and that there is missing documentary evidence, are not sufficient."). Finally, there is no merit in Baggett Brothers' argument that the bankruptcy court erred when it denied the renewed motion to compel the production of the monthly statements of certain Altha members and the associated request for a new trial. As the bankruptcy court explained, Baggett Brothers' motion

> fails to allege any grounds set forth in Fed. R. Bankr. P. 9023 (incorporating Rule 59 Fed. R. Civ. P.) or Fed. R. Bankr. P. 9024 (incorporating Rule 60 Fed. R. Civ. P.) for either a new trial or relief from the judgement of this Court.  The documents which the Debtors sought to obtain in their previously denied motion to compel would not be relevant or material to the issue before the Court and would not have led to admissible evidence.  Furthermore, Debtors failed to show any reasons for violating the privacy rights of non-parties to this litigation without their specific consent.

Docket Entry #521, Northern District of Florida Bankruptcy Case No. 05-50702.

This court therefore concludes that the bankruptcy court did not abuse its discretion in denying Baggett Brothers' renewed motion to compel and motion for new trial.

**CONCLUSION**

For the foregoing reasons, the bankruptcy court's November 16, 2007, and

December 7, 2007, orders in Northern District of Florida Bankruptcy Case No. 05-50702 are **AFFIRMED**.

     **DONE and ORDERED** this 21st day of August, 2008.


                                                s/ *M. Casey Rodgers*
                                               **M. CASEY RODGERS**
                                               **UNITED STATES DISTRICT JUDGE**